**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4617

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ELADIO SOTO-NAVARRO,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry F. Floyd, District Judge. (CR-04-538)

Submitted: July 20, 2005      Decided: November 8, 2005

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

James Barlow Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Jonathan S. Gasser, Acting United States Attorney, Maxwell Cauthen, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Eladio Soto-Navarro appeals from his forty-six-month sentence imposed following his guilty plea to reentry by a deported alien, in violation of 8 U.S.C. § 1326(a) (2000). Soto-Navarro's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, but addressing whether the district court erred in denying Soto-Navarro's motion for a downward departure in his sentence. Counsel subsequently filed a supplemental brief addressing the impact of United States v. Booker, 125 S. Ct. 738 (2005). The Government has responded. Although informed of his right to file a pro se brief, Soto-Navarro has not done so.

Soto-Navarro first claims that the court erred when it denied his motion for a downward departure based on cultural assimilation. Because the district court was aware of its authority to depart and declined to do so, the decision not to depart is not reviewable on appeal. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). Accordingly, we dismiss this portion of the appeal.

Next, Soto-Navarro argues that he was sentenced under a mandatory application of the federal sentencing guidelines, in violation of Booker. Because Soto-Navarro did not object below to the mandatory application of the sentencing guidelines, appellate review is for plain error. United States v. White, 405 F.3d 208, 215

(4th Cir. 2005).  To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights.  Id. (citing United States v. Olano, 507 U.S. 725, 732 (1993)).  If a defendant establishes these requirements, the court has discretion to correct the error, but "should not exercise . . . [that discretion] unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  Id. (internal quotation marks and citation omitted).

In White, this court determined that imposing a sentence under the guidelines as mandatory was error that was plain.  White, 405 F.3d at 217.  In determining whether an error affected the defendant's substantial rights, the court reasoned that "the error of sentencing a defendant under a mandatory guidelines regime" was not an error for which prejudice would be presumed.  Id. at 221. Rather, the defendant bears the burden of showing that this error "affected the outcome of the district court proceedings."  Id. at 223 (quoting Olano, 507 U.S. at 734).

In this case, the court imposed the same forty-six-month sentence as an alternate sentence in the event the guidelines were found unconstitutional.  Soto-Navarro presents no non-speculative evidence or argument demonstrating that he would have received a lower sentence had the district court appreciated that the guidelines were not mandatory.  Accordingly, we find that the district court's

error of sentencing Soto-Navarro under a mandatory guidelines scheme did not affect his substantial rights.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Soto-Navarro's conviction and sentence. We dismiss the appeal as to Soto-Navarro's appeal of the denial of his motion for a downward departure. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART